UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMY SCHUELER,

    Plaintiff,

vs.                              CASE NO.:

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, AMY SCHUELER, ("Schueler"), by and through the undersigned attorney, and sues the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to take place. Benefits here were to be paid at Schueler's home address in Longwood, Florida. See Exhibit "A" attached hereto.

4. Schueler is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

5. Schueler was an employee of Target Corporation ("Target" or "Employer") and as such she was insured through a group disability policy issued to Target by LINA.

6. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability benefits.

7. The "Plan" is a welfare benefit plan established under ERISA to provide long term disability benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8. A copy of the applicable Plan document is in the possession of LINA.

9. LINA is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

10. LINA denied and/or terminated Schueler's claim finding that she was not disabled under the terms of the Plan. LINA's last denial letter is dated February 10, 2021.

11. With respect to the claims made herein, Schueler has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Schueler incorporates the allegations contained in paragraphs 1 through 11 above, and further states:

12. The Plan provided for the payment of long term disability benefits in the event Schueler became disabled as defined in the Plan. The Plan also provided for the continuation of other benefits in the event of disability. The other benefits are described with particularity in the applicable plan documents for those plans.

13. Schueler was and is disabled as defined by the Plan at all times material hereto.

14. Schueler made a claim for Plan benefits. Said claim for benefits was terminated or denied.

15. Schueler is entitled to Plan benefits.

16. LINA has failed and refused to pay Schueler sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

17. Because of the failure to pay benefits pursuant to the terms of the Plan, Schueler has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee. Schueler is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Schueler, prays for relief from defendant, LINA, for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date: June 8, 2021

*/s/Gregory D. Swartwood*
Gregory D. Swartwood, Esquire
Florida Bar No. 858625

                          The Nation Law Firm, LLP
                          570 Crown Oak Centre Drive
                          Longwood, FL  32750
                          Telephone:  (407) 339-1104
                          Facsimile:  (407) 339-1118
                          E-Mail:  gswartwood@nationlaw.com
                          Attorneys for Plaintiff